### John Parker et al. v. S. B. Campbell et al.

#### No. 1040.  Decided November 25, 1901.

**1.—Res Judicata—Trespass to Try Title—Purchaser Pendente Lite.**

Plaintiff in trespass to try title who relies upon a judgment of recovery against defendant's vendor has the burden of showing the facts which make it binding on defendant. (P. 84.)

**2.—Same—Severance.**

That defendant bought from one against whom plaintiff then had suit pending in which he afterwards recovered would be sufficient, by itself, to show the purchaser bound by such judgment; but where, from the record introduced, it appeared that the purchaser was also a defendant in the suit and had obtained a severance from his vendor, more must appear in order to show him bound by the judgment against the latter. (Pp. 84, 85.)

**3.—Same.**

Whether the purchaser had been made defendant as holder of some independent claim to the portion of the land in controversy purchased by him during the progress of the suit or was made defendant as such purchaser, his severance gave him a right to have a separate trial and not to be bound by the judgment against his vendor. (P. 85.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

Parker and others sued Campbell and others in trespass to try title. Defendants had judgment. Plaintiffs appealed, and on affirmance obtained writ of error.

*Jno. M. McCoy, J. C. Kearby,* and *Thos. B. Greenwood,* for plaintiffs in error.—The court erred in directing a verdict for the intervener S. B. Campbell, and in rendering judgment in his favor, because the uncontradicted evidence showed that the intervener and the defendants claimed the land in controversy, through and under one W. A. Mays, by title arising after the commencement of an action against Mays by some of the plaintiffs herein and by others whose interest had passed by descent to the remaining plaintiffs in this suit, in which action final judgment had been rendered against Mays for the recovery of said land and establishing the title and right of possession of part of the plaintiffs herein and of other parties now represented by the remaining plaintiffs.  Rev. Stats., art. 5275; Lee v. Salinas, 15 Texas, 497; Wootters v. Hall, 67 Texas, 513; Land Co. v. Votaw, 52 S. W. Rep., 125; Trust Co. v. Miller, 40 S. W. Rep., 646; Paxton v. Meyer, 67 Texas, 96; Randall v. Snyder, 64 Texas, 350; Harle v. Langdon, 60 Texas, 561; Wille v. Ellis, 54 S. W. Rep., 922; Davis v. Farwell Co., 49 S. W. Rep., 658; Bennett on Lis Pendens, secs. 188, 206, 224, 249.

*Hill & Dabney* and *Jno. M. George,* for defendants in error.—While it is true that a judgment for land is binding upon any purchaser thereof during the pendency of the suit and can be enforced against

such a purchaser lis pendens in the same manner as against the original defendants, yet this rule is subject to the exception that such a purchaser lis pendens may be made a party by the plaintiff, or make himself a party with the consent of the plaintiff, and if this is done thereafter plaintiff is bound by his action and can not disregard the right of parties so made to the suit any more than of any original party. Jemison v. Halbert, 47 Texas, 180; 48 Texas, 93; 71 Texas, 465; 73 Texas, 487.

The proper practice is to separately docket and prosecute a case when the same has been severed from the principal litigation. Punchard v. Delk, 77 Texas, 104.

A person who has been made a party to a suit who has a distinct interest therein may sever from other parties to said suit, even after a joint answer has been filed by all parties defendant. Snider v. Methvin, 60 Texas, 490.

After an order of severance has been entered in favor of one defendant, subsequent pleading of other defendants, or orders entered for or against them in the original suit, are not binding on the defendant who has already severed his cause of action. Grigsby v. May, 84 Texas, 258; Boone v. Hulsey, 71 Texas, 184.

Every presumption necessary to support an order or a judgment of a court of general jurisdiction will be indulged as against a collateral attack thereon. On such collateral attack it devolves upon the party attacking such a judgment to allege and prove affirmatively facts negativing the existence of all facts recited in said judgment, and of all such facts as may be necessary to give the court jurisdiction to render it. Miller v. Alexander, 8 Texas, 36; 17 Texas, 649; 45 Texas, 471; 51 Texas, 344; 54 Texas, 81; 57 Texas, 213; 59 Texas, 212; 70 Texas, 397; 27 Texas, 642; 34 Texas, 244; 64 Texas, 120; 80 Texas, 679; 49 Texas, 742; 37 Texas, 610; 67 Texas, 379; 84 Texas, 566.

WILLIAMS, ASSOCIATE JUSTICE.—This was an action of trespass to try title brought by plaintiffs in error against defendants in error to recover 10 acres of land. The District Court instructed the jury to return a verdict for defendants, and this action was affirmed by the Court of Civil Appeals.

The decision depends upon the effect of the judgment and proceedings in a former suit, plaintiffs having produced no evidence of title except such as is contained therein.

In 1887, plaintiffs and their privies brought suit in trespass to try title against W. A. Mays, W. A. McDermett, and others to recover 1000 acres of land. Mays was served February 29, 1888, and answered March 2, 1888, the contents of the answer not appearing. On December 18, 1890, Mays conveyed to Mrs. Addie K. McDermett the 10 acres of land in controversy, a part of the 1000 acres then in suit, by deed stating the grantee to be a feme sole and reciting a consideration of $2500 paid and two notes for $750 each, to secure which she executed a deed of trust which was afterwards foreclosed, Campbell becoming the purchaser.

December 30, 1890, in the pending cause, on motion of A. K. Mc-Dermett, a severance was granted to her as one of the defendants therein.  on May 12, 1891, a severance was granted to Mays on his motion.  January 27, 1892, Mays filed an amended answer asserting title to 30 acres of the 1000 acres there in controversy, not including the 10 acres involved in the present action, and disclaiming as to the remainder.  September 14, 1892, judgment was rendered in the severed cause in which Mays was defendant in his favor. for the 30 acres claimed by him, and, upon his disclaimer, in favor of plaintiffs for the remainder of the 1000 acres.

On February 15, 1895, an order was entered reciting that plaintiffs appeared and said they would no longer prosecute said cause severed as to the defendant, Mrs. A. K. McDermett, as survivor of William Mc-Dermett, and the cause as to said defendant was dismissed.  How Mrs. McDermett became a defendant in the former action and what were the rights asserted by her therein are facts not shown by these proceedings or otherwise.

The Court of Civil Appeals held that the plaintiffs did not show title, and, after a thorough consideration of the facts, we have reached the same conclusion.  The contention of plaintiffs in error is that when they showed the pendency of the former action against Mays, the conveyance by him to Mrs. McDermett, pending that cause, and the subsequent judgment against him, they proved title against Mrs. McDermett as a purchaser pendente lite; that she did not show affirmatively that her claim to the ten acres was in controversy between herself and the plaintiffs in that suit and that it was taken out of it by the severance granted, and that hence it appears that it still remained involved in the action against Mays and was adjudged therein to the plaintiffs.  If the petition, the conveyance to Mrs. McDermett and the judgment stood alone, this contention would be unanswerable.  But when all of the record produced in evidence is considered together, we think the conclusion is different.

The plaintiffs, relying on a judgment, were required to produce one that bound the defendants.  The judgment produced is accompanied by other parts of the record of the cause in which it was rendered, and all of these are to be construed together.  If the court, when so regarding them, can not determine whether the judgment bound Mrs. McDermett or not, the plaintiffs fail.

This record shows that Mrs. McDermett, in some way and on account of some claim, became a party defendant to that action.  As such, she was allowed to sever, whether entitled to or not, and thus separated the controversy between her and the plaintiffs therein from that in which Mays was involved.  So long as the order of severance stood, she was entitled to have her case tried separately from that of Mays, and the plaintiffs could not acquiesce in this and still conclude her by prosecuting their action against Mays to judgment.  When it is suggested that

she may have represented in that action some other claim than that to the 10 acres, the answer is that this is the matter which plaintiffs, having the ·burden of showing title, have not proved; and this leaves the case in such a condition that their judgment does not affirmatively appear to bind her. The fact that a deed was made to her pending the suit does not prove that the matter in controversy between her and plaintiff was not the 10 acres. If her claim originated with that deed, she would not have been a necessary party to that action. But pendente lite purchasers may sometimes become defendants and defend the title of their vendors; and if they are allowed to do so and their claim is, by proper orders, taken out of the main suit, they then stand as· defendants in separate causes, and their rights are to be therein determined.

It is not shown that there was any other land claimed by Mrs. McDermett, either in her own right or the right of another. She must be treated as having properly become a defendant, either because she had or represented some claim to the land existing when the action was brought, in recognition of which the deed may have been made, or because she had acquired a claim after commencement of the suit, in defense of which she was thought to be entitled to 'become a party and to sever her case from that of the other defendants. Upon either hypothesis, the severance entitled her to a separate trial. This is the just construction of the record as it stands, and, if there were any facts which would give it a different effect, plaintiffs should have produced them in order to establish the binding force of the judgment.

*Affirmed.*